1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Chase Lee Collins,

                                     Petitioner,

                 v.

William Sullivan,

                                  Respondent.

Case No. 2:19-cv-10807-FMO-LAL

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

      Petitioner and his co-defendant, Robert Zygo, were convicted in the Los Angeles County Superior Court of second-degree robbery.  (ECF No. 43 at 2.)  According to the Report, Petitioner either was a direct perpetrator or an aider and abettor of the robbery.  (*Id*. at 15-16.)  The crux of Petitioner's objections is that, under *Jackson v. Virginia*, 443 U.S. 307 (1979), the evidence was insufficient to convict him of robbery under any theory of liability.  (ECF No. 46 at 3-4.)  For the following reasons, Petitioner's Objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

      Petitioner objects that there was no evidence he was a direct perpetrator of the robbery, because only Zygo took the victim's possessions.  (ECF No. 46 at 5-8.)  While the Report analyzed the evidence of robbery under theories that Petitioner was both a direct perpetrator and an aider and abettor (ECF No. 43 at 17-18), the California Court of Appeal's analysis was limited to the aiding and abetting theory (ECF No. 8-1 at 14).  A federal court's review is limited

1    to the state court's actual reasoning.  *See Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008) (*en*

2    *banc*) (review under 28 U.S.C. § 2254(d)(1) is limited to the state court's "actual reasoning").

3    Thus, while the Report, in an abundance of caution, analyzed the evidence under a direct

4    perpetrator theory, it is unnecessary for the Court to review that analysis.  Instead, for the reasons

5    discussed below, the California Court of Appeal's determination that there was sufficient

6    evidence of robbery, under an aiding and abetting theory, did not involve an unreasonable

7    application of clearly established federal law.

8         Petitioner further objects that he was only a passive bystander to the robbery.  (ECF No.

9    46 at 8-11.)  This objection overlooks the California Court of Appeal's findings on this claim.

10   According to the California Court of Appeal, Petitioner "played an affirmative, supportive role in

11   the robbery and was not simply an innocent or passive bystander.  Together, his companionship

12   with Zygo, his instigation of the joint assault on [the victim], his possession of the firearm while

13   the robbery took place, and his flight with Zygo from the scene of the crime constitute

14   substantial evidence [Petitioner] aided and abetted the robbery."  (ECF No. 8-1 at 16-17.)

15   Petitioner has not shown that this determination was objectively unreasonable.

16        Petitioner further objects that there was no firearm present during the robbery.  (ECF No.

17   46 at 11-16.)  This objection overlooks the victim's testimony that Zygo had a gun and gave it to

18   Petitioner to hold during the robbery.  (ECF No. 43 at 17.)  Although Petitioner argues that the

19   victim lacked credibility in several respects, the Report reasonably determined that "[i]t is not for

20   this Court on habeas review to question the jury's credibility finding."  (ECF No. 43 at 16.)

21        Finally, Petitioner objects that, even though he did physically assault the victim before

22   the robbery, the robbery itself was a spontaneous crime committed only by Zygo.  (ECF No. 46

23   at 16-19.)  This objection overlooks the California Court of Appeal's determination that

24   Petitioner's participation in the assault was one of the multiple acts that aided and abetted the

25   robbery.  (ECF No. 8-1 at 16-17.)  It is well-established under California law that assault can be

26   an act that aids or promotes the commission of another crime, such as the robbery in this case.

27   *See People v. Pettie*, 16 Cal. App. 5th 23, 53 (2017) (evidence that defendants participated an

28   assault was evidence of aiding and abetting an attempted murder) (citing *People v. Medina*, 46

Cal. 4th 913, 922 (2009)).  Moreover, as the Report reasonably found (ECF No. 43 at 18 n.36), it is beyond dispute that Petitioner "did and said things both before and after" the robbery to establish his liability as an aider and abettor.  *People v. Gonzales*, 52 Cal. 4th 254, 297 (2011). Thus, Petitioner's argument that Zygo committed the robbery spontaneously, while Petitioner stood by passively, is contrary to the evidence.

Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation.

Accordingly, IT IS ORDERED THAT:

1.   The Report and Recommendation is approved and accepted;

2.   Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.   The Clerk serve copies of this Order on the parties.

DATED: December 18, 2023                     _____/s/_____
                                             HONORABLE FERNANDO M. OLGUIN
                                             UNITED STATES DISTRICT JUDGE